**Joseph A. ZAVALETTA, M.D., Appellant,**

v.

**CELLULAR ENGINEERING, LTD., Appellee.**

**No. 13–90–032–CV.**

Court of Appeals of Texas, Corpus Christi.

Feb. 28, 1991.

Rehearing Overruled March 28, 1991.

Peter M. Zavaletta, Brownsville, Nancy M. Simonson, Corpus Christi, for appellant.

Allen B. Odum, Edinburg, for appellee.

Before NYE, C.J., and DORSEY and KEYS, JJ.

## OPINION

DORSEY, Justice.

This is an attempted appeal from a judgment of the trial court of September 29, 1989, for which the appeal bond was timely filed on December 14, 1989. After reviewing the transcript, with supplements, and briefs addressing the jurisdictional question, we dismiss for lack of jurisdiction.

The transcript contains three purported final judgments: August 15, 1988, September 23, 1988, and September 29, 1989. This Court has jurisdiction only if the last judgment, that of September 29, 1989, is indeed the final judgment of the case.

The first judgment, dated August 15, 1988, initially appeared to be a final judgment. Although no motion for new trial was in the original transcript, appellant has provided a supplemental transcript showing that appellee timely sought to modify the judgment, thus extending the time of the court's jurisdiction over it. TEX.R. CIV.P. 329b(g). The second judgment, dated September 23, 1988, was entered during the trial court's period of plenary jurisdiction. Accordingly, the judgment of September 23, 1988, superseded that of August 15th.

Appellant filed a timely motion for new trial assailing the September 23, 1988, judgment. The trial court had plenary power to act until thirty days after all such timely-filed motions were overruled, either by a written and signed order or by operation of law, whichever occurred first. TEX. R.CIV.P. 329b(e). This would have potentially extended the court's plenary power to January 6, 1989. However, the earliest written order acting on the motion for new

trial, that granting it, was not signed until January 17, 1989, more than 30 days after it had been overruled by operation of law and after the trial court's plenary power over the second judgment had expired.

We have allowed appellant to supplement the record with a transcription of two hearings which took place after entry of the September 23, 1988, judgment. The parties agreed, at the hearing of December 1, 1988, to set aside the September 23, 1988, judgment in its entirety. The parties dictated an agreement into the record whereby appellant confessed judgment in the amount of $56,250.00 and he was supposed to receive certain market interests. The trial court observed that the parties were requesting a new trial and entry of a new judgment. The parties agreed that they would substitute one judgment for the other. The court stated: "That will be done." The court's docket entry noted that the agreed order and judgment were to be submitted as read into the record.

Soon after the December 1, 1988, hearing, the parties discovered that their agreement had been based on a factual error. Both parties sought entry of judgment. The trial court considered the motions at a hearing on December 29, 1988. The court orally granted new trial on that date but did not sign the order until January 17, 1989. Appellant asserts that the new trial granted on January 17, 1989, set aside the agreed judgment of December 1, 1988, rather than the September 23, 1988, judgment.

The court informed the parties at the hearing on December 1, 1988, that he believed the parties had the judgment "essentially" prepared. Appellee's attorney suggested that he *would prepare* the judgment for signatures. The court's docket entry said that the agreed order and judgment was *to be submitted* as read into the record. Everything that was said indicated that some further action was necessary.  An oral pronouncement and docket entry granting a new trial will not substitute for a written order required by TEX. R.CIV.P. 329b(c). *Taack v. McFall*, 661 S.W.2d 923, 924 (Tex.1983). We hold that

the trial court's order of January 17, 1989, granting a new trial, was outside of his plenary power and is of no effect. The integrity of the appellate process is dependent upon judgments which are in writing and the times for taking action are calculated from the date the judgment is signed.

 The only appealable judgment in this case was the judgment of September 23, 1988. This judgment was not vacated within the court's period of plenary power. Appeal from this judgment was not perfected by timely filing of an appeal bond.

The appeal is DISMISSED FOR WANT OF JURISDICTION.

KEYS, J., not participating.