Ramiro Ramirez GARZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–93–260–CR.

Court of Appeals of Texas, Corpus Christi.

July 27, 1995.

Rehearing Overruled Sept. 7, 1995.

Stephen S. Ross, Victoria, Ramiro Garza, Beeville, John A. George, Fly & Moeller, Victoria, for appellant.

George J. Filley, III, Dist. Atty., Victoria County, Victoria, for appellee.

**OPINION**

DORSEY, Justice.

This out of time appeal is granted by reason of an order of the Texas Court of Criminal Appeals, delivered May 5, 1993. The original appeal of this case was denied for want of jurisdiction by this Court. *Garza v. State*, No. 13–91–630–CR (Tex.App.—Corpus Christi, January 3, 1992).

Ramiro Ramirez Garza, appellant, appeals his conviction for aggravated sexual assault. Garza was found guilty by a jury and assessed a sentence of 40 years in the Texas

Department of Criminal Justice, Institutional Division, and a fine of $10,000.00 on October 2, 1991.

## PROCEDURAL HISTORY

Appellant was first convicted of aggravated sexual assault on June 21, 1991 and was sentenced to ten (10) years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed a motion for new trial which was granted and a docket entry was made to that effect. However, no written order was signed by the Judge and entered in the record.

A new trial before a jury was begun on September 30, 1991, and on October 2, 1991, appellant was found guilty, sentenced to forty (40) years imprisonment, and assessed a fine of ten thousand ($10,000.00) dollars.

Garza failed to timely file a notice of appeal from the October 2, 1991 judgment, and this Court dismissed the appeal for want of jurisdiction. Garza filed a post-conviction application for writ of habeas corpus pursuant to the provisions of Article 11.07 of the Code of Criminal Procedure with the Court of Criminal Appeals which granted an out-of-time appeal on May 5, 1993, and returned the case to this Court for our disposition.

## JURISDICTION

By point of error one, appellant complains that the trial court lost jurisdiction over his cause when his motion for new trial was overruled by operation of law because the trial court failed to sign an order granting the motion. TEX.R.APP.P. 31(e)(3).[1] The Rule provides that unless the trial court grants the motion for new trial by signed, written order within 75 days from the date the sentence was imposed, the motion is automatically overruled.

In the case before us, the court never signed a written order, although the trial court announced that he was granting the motion for a new trial. A docket sheet entry was made reflecting the court's pronouncement.

The plain language of the Rule requires a written order to prevent the overruling of the motion by operation of law. *Id.* An oral pronouncement, absent a written order, is insufficient. In *State Ex. Rel. Cobb v. Godfrey*, 739 S.W.2d 47, 49 (Tex.Crim.App.1987), the Court of Criminal Appeals granted mandamus relief to require a trial court to vacate its order granting a new trial when the order was not signed within the seventy-five day period. In that case, the motion itself was timely, a hearing was held within the seventy-five days, the court orally granted the motion but did not sign the order until eighty days after sentencing. The Court found that the trial court did not have jurisdiction to grant the new trial because the motion had been overruled by operation of law on the seventy-fifth day. *Id.*

We find no cases analyzing the effect of a docket sheet entry to satisfy the written order requirement in the criminal jurisprudence of Texas, but Rule 329b of the civil rules contains identical language requiring a signed written order. TEX.R.CIV.P. 329b. In *Taack v. McFall*, 661 S.W.2d 923, 924 (Tex. 1983), the Texas Supreme Court held that a docket sheet entry did not suffice. The language of the rule is mandatory. The motion is overruled after the statutory time expires *unless* the trial court signs a written order.

That is the case here. Appellant's motion for new trial was overruled by operation of law when the time for ruling expired because the trial court did not sign a written order. When the motion was overruled, the trial court then lost jurisdiction over the case,

1. The Rule provides:
   (1) Time to Rule. The court shall determine a motion for new trial within 75 days after the date sentence is imposed or suspended in open court.
   (2) Ruling. The judge shall not sum up, discuss or comment on evidence in the case.

The judge shall grant or refuse the motion for new trial.
   (3) Failure to Rule. A motion not timely determined by written order signed by the judge shall be considered overruled by operation of law upon expiration of the period of time prescribed in section (e) of this rule.

including over the indictment. The indictment had combined with the plea of the defendant and evidence to produce the judgment. Accordingly, the trial judge lacked jurisdiction to retry appellant on the case that is now before us on appeal. The second conviction is void.

The State urges us to suspend Rule 31(e)(3) in this case pursuant to Appellate Rule 2(b). Tex.R.App.P. 2(b). We may not use the Rules to extend our jurisdiction, nor should we suspend the Rules to extend the jurisdiction of the trial court. *See Garza v. State,* 896 S.W.2d 192 (Tex.Crim.App.1995) (refusing to allow Court of Appeals to modify its opinion seventeen days after the fifteen day deadline provided by Rule 101). The effect of our suspending Rule 31(e)(3) in this case would be to give jurisdiction to the district court where it had lapsed. That is not the intent of the rule. The trial court had no jurisdiction; the second conviction is void; and the first conviction is final. We sustain appellant's first point of error. We need not address his remaining points of error. Tex.R.App.P. 90(a).

The JUDGMENT of conviction and sentence of October 2, 1991, is REVERSED.

BILL J. STEPHENS, J. (Retired), dissents.

STEPHEN F. PRESLAR, J. (Retired), joins in the dissent.

STEPHENS [1], Justice, dissenting.

## PROCEDURAL FACTS OF THE CASE

Appellant was first convicted of aggravated sexual assault on June 21, 1991 and was sentenced to ten (10) years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed his motion for new trial which was granted and a docket entry was made to that effect. However, no written order was signed by the Judge and entered in the record.

A new trial before a jury was begun on September 30, 1991, and on October 2, 1991, appellant was found guilty and sentenced to serve forty (40) years in the Institutional Division of the Texas Criminal Justice, and assessed a fine of ten thousand ($10,000.00) dollars.

The majority holds that the trial court was without jurisdiction to hear the new trial because of the trial judge's failure to sign and file a written order granting the new trial as required by Tex.R.App.P. 31(e)(3). Normally I would agree with this decision, however, under the facts of this case I disagree and accordingly, I dissent.

Garza relies on Tex.R.App.P. 31(e)(3) to support his argument that because no signed, written order was filed of record, the trial court lost jurisdiction after 75 days lapsed from the date the sentence was imposed and thus the new trial was a nullity.

Tex.R.App.P. 31(e)(1), (2), and (3) provide:

(1) Time to Rule. The court shall determine a motion for new trial within 75 days after the date sentence is imposed or suspended in open court.

(2) Ruling. The judge shall not sum up, discuss or comment on evidence in the case. The judge shall grant or refuse the motion for new trial.

(3) Failure to Rule. A motion not timely determined by written order signed by the judge shall be considered overruled by operation of law upon expiration of the period of time prescribed in section (e)(1) of this rule.

The case before us appears to be one of first impression because of its peculiar facts. The rule was intended to control when a timely motion for new trial had been filed, and the court had failed to rule on it.

In our case, the court timely ruled on the motion, granted a new trial and the new trial

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.

Gov't Code Ann. § 74.003 (Vernon 1988).

was held. A new jury was empaneled, evidence was presented, the attorneys argued their positions, the jury rendered a verdict, and the judge sentenced the defendant and entered a judgment. This goes far beyond the mere failure to act on a motion for new trial.

The State urges us to suspend TEX. R.APP.P. 31(e)(3), as is allowed by TEX. R.APP.P. 2 which provides:

   (a) Relationship to Jurisdiction. These rules shall not be construed to extend or limit the jurisdiction of the courts of appeals, the Court of Criminal Appeals or the Supreme Court as established by law.

   (b) Suspension of Rules in Criminal Matters. Except as otherwise provided in these rules, in the interest of expediting a decision or for other good cause shown, a court of appeals or the Court of Criminal Appeals may suspend requirements and provisions of any rule in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. Provided, however, that nothing in this rule shall be construed to allow any court to suspend requirements or provisions of the Code of Criminal Procedure.

In *State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47 (Tex.Crim.App.1987), an original proceeding was brought by the State by and through its District Attorney, Jerry Cobb, Relator, complaining of Judge Hollis Godfrey, Judge of County Court at Law Number Three of Denton County, Respondent, seeking mandamus to order the trial judge to set aside an order granting a new trial after the 75 day time limit had expired.

The facts in that case show that on December 23, 1986, defendant, Allen Scott Brown, was found guilty of the misdemeanor offense of criminal negligent homicide by a jury and was assessed punishment by the jury at one year confinement in the Denton County Jail, plus a fine of $2,000.00, with the term of incarceration and fine to be probated. The judgment of conviction and sentence was signed on December 23, 1986. Then, on January 21, 1987, the defendant filed a Motion for New Trial. On March 4, 1987, the defendant filed a First Amended Motion for New Trial, and the motion was heard. On that date the trial judge orally granted the motion, but did not sign a written order granting a new trial. The order granting the new trial was not signed until March 13, 1987, the eightieth day after the judgment of conviction and sentence was signed.

Relator filed his application contending that the order of March 13th was invalid, and requested the Court to order respondent to dismiss the order, and to prohibit respondent from conducting a new trial in this cause. The relator argued that the respondent was without jurisdiction to grant a motion for new trial eighty days after sentence had been imposed, and five days after the motion for new trial had been overruled by operation of law. Respondent answered by arguing that he had plenary power and, therefore, the power to decide the motion outside the time limit. In the alternative, respondent asked the court to suspend the rules and permit the granting of the motion although it had been overruled by operation of law. The court agreed with relator and conditionally granted the relief requested.

In that case the Court reasoned:

The Rules of Appellate Procedure clearly state the time limits for motions for new trial in criminal cases. TEX.R.APP.PROC. 31(e)(3) mandates that a motion "not timely determined by written order signed by the judge shall be considered overruled by operation of law upon expiration of [75 days]. This rule is quite explicit.

Respondent requested, in the alternative, that the Court exercise its power under TEX. R.APP.PROC. 2(b) and suspend the rules. Rules 2(b) provides as follows:

   (b) Suspension of Rules in Criminal matters. Except as otherwise provided in these rules, in the interest of expediting a decision or for other good cause shown, a

court of appeals or the Court of Criminal Appeals may suspend requirements and provisions of any rule in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. Provided, however, that nothing in this rule shall be construed to allow any court to suspend requirements or provisions of the Code of Criminal Procedure.

The Court further reasoned:

Suspension of rules of appellate procedure by this Court is a serious matter, not to be undertaken lightly. Rule 31(e), supra, serves the vital function of promoting certainty regarding the finality of a judgment, in a case in which a motion for new trial has been filed. Under Rule 31(e)(3), respondent lost jurisdiction to rule on the motion when it was overruled by operation of law. Respondent has failed to show good cause why this Court should suspend this rule, other than to remedy *his own tardiness*. For these reasons, we decline to suspend the rules pursuant to Rule 2(b), supra, as suggested by respondent.

"A 'new trial' is the rehearing of a criminal action after a finding or verdict of guilt has been set aside upon motion of an accused...." Tex.R.App.P. 30(a). Where the time in which to rule upon a motion for new trial has expired and the defendant's motion for new trial has been overruled by operation of law, the trial court lacks authority to subsequently grant a new trial. *Ex Parte Ybarra*, 629 S.W.2d 943 (Tex.Crim.App.1982); *Zaragosa v. State*, 588 S.W.2d 322 (Tex.Crim.App.1979). "Any action on the motion by the trial court after this time expired would have constituted a nullity." *Meek v. State*, 628 S.W.2d 543, 547 (Tex.Crim.App.1982); see *Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex.Crim.App.1980). Because the time in which to rule on the defendant's motion had expired, the trial court's subsequent action on the motion must be characterized as granting

the new trial sua sponte. *Ex Parte Ybarra*, 629 S.W.2d at 945. "And no authority exists for the court to grant a new trial on its own motion." *Dugard v. State*, 688 S.W.2d 524, 528 (Tex.Crim.App.1985).

I am mindful of the language in all the above cases, however, our case stands in a wholly different posture from the *Cobb* case. In *Cobb* the only action taken after the Motion for New Trial was overruled by law was the signing of a written order granting the new trial. The new trial had not yet occurred. Apparently, the trial judge was tardy in signing the order. The trial judge's tardiness in signing the order was determined by the Court of Criminal Appeals not to constitute good cause for suspending the rules.

In this case the failure to sign a written order was an inadvertence and was simply overlooked by all parties.[2] The case proceeded as though a written order had been signed and entered. A new trial was held, and the Defendant was sentenced to forty (40) years incarceration, instead of the sentence in the first case of ten (10) years. Now the Defendant seeks to profit from the oversight of failure to sign an order granting a new trial, and have the lesser sentence reinstated.

I conclude that good cause has been shown by the procedural facts of this case, and that to give the Defendant two bites at the apple would be inappropriate. Under the facts of this case I think the appropriate ruling would be for us to apply Tex.R.App.P. 2(b), suspend the requirement that written order be filed granting a new trial, and, accordingly, affirm the judgment of the trial court.

STEPHEN F. PRESLAR, J. (Retired), joins in the dissent.

---

2. Although I characterize this as an oversight, I am mindful that in the worst case scenario, an astute lawyer could utilize this type of oversight to obtain a new trial and then, if the new sentence was greater than the old one, insist that the Court was without jurisdiction, thereby nullifying the sentence. However, I do not intend to imply that such was the intention in the present case.