**JAUREGUI PARTNERS, LTD. and Richard J. Jaurequi, Appellants,**

v.

**GRUBB & ELLIS COMMERCIAL REAL ESTATE SERVICES, A Division of Grubb & Ellis Company, Appellee.**

No. 13–97–507–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 18, 1997.

Rehearing Overruled Dec. 18, 1997.

Paula K. Williamson, Phillip A. Yochem, Selma, Harry J. Skeins, Jr., Skeins & Williamson, P.C., Fredericksburg, for appellants.

Randall A. Pulman, Stumpf, Falgout, Craddock & Massey, P.C., San Antonio, for appellee.

Before FEDERICO G. HINOJOSA, Jr., YANEZ and CHAVEZ, JJ.

**OPINION ON MOTION FOR REHEARING**

CHAVEZ, Justice.

On November 6, 1997 we dismissed this appeal because there was no timely order granting a new trial in the record. Appellants' motion for rehearing is now before us. We deny the motion for rehearing, and issue

this opinion to further explain our reasons for dismissing the appeal.

## Procedural History

Appellee Grubb & Ellis Commercial Real Estate Services (Grubb & Ellis) won a summary judgment against appellants Jauregui Partners, Limited, and Richard J. Jauregui (Jauregui) on April 30, 1996. Jauregui filed a motion for new trial in the trial court, and on May 28, 1996 a hearing on the motion for new trial was held before Judge Frank Montalvo. At that time Judge Montalvo orally granted a new trial, and Jauregui's attorney handed the judge a written order for him to sign. A bench trial commenced, and Grubb & Ellis again won a judgment against Jauregui. Jauregui appealed from the bench trial.

On September 10, 1997 we notified appellants that there was no written order granting a new trial in the record, and gave them ten days to correct the defect. Jauregui then obtained an order from the trial judge signed on September 18, 1997, which purported to grant the motion for new trial that was the subject of the May 28, 1996 hearing. In the September 18, 1997 order the trial judge recited that he had orally granted the new trial in open court on May 28, 1996, and he "was presented with an Order on the Motion for New Trial and that the Order has inadvertently been lost."

Grubb & Ellis moved to dismiss the appeal, and we granted the motion to dismiss on November 6, 1997. Jauregui's motion for rehearing argues that (1) the September 18, 1997 order is a valid substitute for the lost order, and (2) a notation on the district clerk's file jacket meets the requirements of a written order. Although not urged to do so by appellants, we also considered the possibility of invoking rule 2 of the Texas Rules of Appellate Procedure, which permits suspension of a rule for good cause. TEX. R. APP. P. 2.

## The September 18, 1997 order came after the court lost plenary jurisdiction

After seventy-five days a motion for new trial is overruled by operation of law. TEX.R. CIV. P. 329b(c). The trial court then retains plenary jurisdiction for an additional 30 days.

TEX.R. CIV. P. 329b(e). In this case, the trial court lost jurisdiction on August 13, 1996, 105 days after the judgment. Therefore, on September 18, 1997, the trial court had no jurisdiction to issue an order, and the order issued on that date has no effect. *Taack v. McFall*, 661 S.W.2d 923, 924 (Tex.1983).

Appellants contend that the trial court had jurisdiction to enter the September 18, 1997 order under chapter 19 of the Texas Civil Practice and Remedies Code, which provides a mechanism for a party to supply a lost or destroyed record by parol proof of the record. TEX. CIV. PRAC. & REM.CODE ANN. § 19.001–009 (Vernon 1997). Among the lost records which may be restored under this chapter are orders of a court. TEX. CIV. PRAC. & REM.CODE ANN. § 19.001(2). However, appellants have failed to establish that a proper order granting the motion for new trial heard on May 28, 1996 was ever issued. Appellants rely on the September 18, 1997 order and the affidavit of Phillip Yochem, an attorney who represented Jauregui, as parol evidence of the lost order. Yochem's affidavit states:

> At the conclusion of the hearing on the Motion for New Trial I requested that the Judge enter the Order that was in the file. The Judge upon examining the file stated that no such Order was present. I then removed my file copy from my file and tendered it to the Court for entry.

Neither Yochem's affidavit nor the September 18, 1997 order indicate that the trial judge *signed* an order granting a new trial on May 28, 1996, or at any other time while the trial court retained jurisdiction. An order granting a motion for a new trial must be written and signed. *Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex.1993). Because appellants have not established that a proper order granting a new trial ever existed, no lost record existed to be restored under chapter 19.

## The trial jacket entry is not a written order under Texas law

Nor does the file jacket entry constitute a signed, written order. The trial jacket in this case contains a notation reading

"5/28/96—MNT granted Record made by V.L.B." and then contains a signature that, although not entirely legible, could be read as "Frank Montalvo."

■ A docket entry forms no part of the record which may be considered; it is a memorandum made for the trial court's convenience. *Energo Intern. Corp. v. Modern. Indus. Heating*, 722 S.W.2d 149, 151 (Tex. App.—Dallas 1986, no writ). Courts have repeatedly held that docket entries are not orders. *Faulkner*, 851 S.W.2d at 188; *Estate of Townes v. Wood*, 934 S.W.2d 806, 807 (Tex.App.—Houston [1st Dist.] 1996, no writ); *Zavaletta v. Cellular Eng'g, Ltd.*, 805 S.W.2d 915, 916 (Tex.App.—Corpus Christi 1991, no writ). The reason for refusing to consider docket entries is that they are "inherently unreliable because they lack the formality of orders and judgments." *First Nat'l Bank of Giddings, Tex. v. Birnbaum*, 826 S.W.2d 189, 190–91 (Tex.App.—Austin 1992, no writ) (citing *Energo*, 722 S.W.2d at 151 n. 2). We perceive no reason why the rule should be any different for notations on a trial jacket than it is for docket entries.

The only contrary authority is *Charles L. Hardtke v. Katz*, 813 S.W.2d 548, 550–51 (Tex.App.—Houston [1st Dist.] 1991, no writ) which held that a docket entry that was clear in meaning and initialed by the trial judge constituted a written order. The order in *Hardtke* was an order on the court's own motion reinstating a case. *Hardtke* specifically distinguished its facts from previous cases that had refused to find a docket entry sufficient as a written order of new trial. *Id.* at 551.

Subsequently, the First Court of Appeals in Houston has expressly refused to extend *Hardtke* to consider an initialed docket entry to constitute an order on a motion for new trial. *Estate of Townes*, 934 S.W.2d at 807. Texas courts have also refused to give effect to initialed docket entries in other contexts.

*See Grant v. American Nat'l Ins. Co.*, 808 S.W.2d 181, 183–84 (Tex.App.—Houston [14th Dist.] 1991, no writ)(initialed docket entry noting dismissal for want of prosecution had no effect); *see also Energo*, 722 S.W.2d at 151–52 (initialed docket entry noting leave to file amended pleadings had no effect). No published Texas case has ever relied on *Hardtke* to allow a docket entry to constitute a written order. We conclude that *Hardtke* is not applicable to the facts of this case, and the entry on the file jacket can not constitute a written order granting the motion for new trial.

### Rules can not be suspended under Rule 2 to alter events at the trial level

■ Rule 2 of the Texas Rules of Appellate Procedure permits an appellate court to suspend a rule's operation to expedite a decision or for other good cause. TEX.R.APP. P. 2. Texas cases have clearly prohibited the use of rule 2[1] in this context. In *Garza v. State*,[2] a case that was first appealed to this court and then heard by the Court of Criminal Appeals, the appellant was convicted and given a ten year sentence. He filed a motion for new trial that was orally granted and recorded on the docket sheet, but no written order was signed. He had a second trial and was convicted again, receiving a forty year sentence in the second trial. On appeal, he argued that the second trial was a nullity since there was never a written order of new trial. We agreed. *Garza v. State*, 904 S.W.2d 877, 879 (Tex.App.—Corpus Christi 1995). We also held that we were not at liberty to apply the former rule 2(b) so as to extend the trial court's jurisdiction. *Id.* (citing *Garza v. State*,[3] 896 S.W.2d 192 (Tex. Crim.App.1995)).

The Court of Criminal Appeals affirmed our decision, explaining, "rule 2(b) does not authorize the retroactive suspension of rules governing events that have already occurred

---

1. We are aware of no cases applying this rule since the new rules of appellate procedure went into effect on September 1, 1997. However, new rule 2 is substantially the same as the previous rule 2(b), with the only change being that the new rule may be applied in both civil and criminal cases, whereas the old rule was limited to criminal cases.

2. See *State v. Garza*, 931 S.W.2d 560, 563 (Tex. Crim.App.1996); *Garza v. State*, 904 S.W.2d 877 (Tex.App.—Corpus Christi 1995).

3. This is an unrelated case involving a different Garza.

at the trial level before the record has been conveyed to the appellate court." *State v. Garza*, 931 S.W.2d 560, 563 (Tex.Crim.App. 1996). In this case, appellants' motion for new trial was overruled by operation of law at the trial level before the record was conveyed to this court. Therefore, we may not invoke rule 2 to excuse the absence of a timely written order on appellants' motion.

### Conclusion

No timely order on appellants' motion for new trial from the April 30, 1996 summary judgment exists in the record, and Texas law does not provide a mechanism for appellants to supply a backdated order after the trial court's jurisdiction has elapsed. We therefore overrule appellants' motion for rehearing.