Opinion issued May 1, 2003









In The

Court of Appeals

For The

First District of Texas





NO. 01-02-00952-CV






IN RE SHARON MARIE TAYLOR, Relator






Original Proceeding on Petition for Writ of Mandamus






O P I N I O N



 Relator, Sharon Marie Taylor, has filed a petition for writ of mandamus
complaining of the trial court's (1) August 14 and September 3, 2002 orders granting the
real party in interest, John Christian Taylor, a new trial. In the petition, relator argues
that the trial court's orders granting a new trial are void because they were signed
after the trial court's plenary power had expired following a default judgment in
relator's favor. We stayed the trial court's orders granting a new trial pending our
determination of the issues presented in relator's petition. We now lift our stay and
deny the petition.

Procedural Background


 The record we have been provided by the parties discloses the following facts. 
A no-answer default judgment in favor of relator, entitled "Final Decree of Divorce,"
was signed by the trial court on April 17, 2002. On May 10, 2002, John Taylor timely
filed a motion to set aside default judgment and for new trial. A hearing on that
motion was held on June 21, 2002. At the conclusion of that hearing, the trial court
announced that a new trial would be granted, and a notation to that effect was made
on the trial court's docket sheet. On June 24, 2002, counsel for John Taylor faxed to
the trial court coordinator a proposed order granting a new trial to be signed by the
judge. The proposed order was signed by counsel for both parties as approved and
file-stamped by the district clerk on June 27, 2002.

 Counsel for John Taylor later testified that she called and spoke with Erica
Irachete, a clerk with the trial court, on June 28, 2002. Counsel testified that she was
advised by Irachete in that telephone call that the order had been signed the previous
day, June 27, 2002. Counsel for John Taylor then ordered a certified copy of the
order from the district clerk. However, the district clerk was never able to produce
a copy of the signed order granting a new trial.

 On August 9, 2002, counsel for relator obtained from the district clerk a
certified copy of the original proposed order, still unsigned, that had been faxed to the
court on June 24, 2002 and filed-stamped by the clerk on June 27, 2002. The district
clerk also issued a document certifying that "a search was done and as of the 9th day
of August 2002 at 2:30 P.M. the Order on Motion For New Trial filed on June 27,
2002 has not been signed . . . ."

 On August 14, 2002, counsel for John Taylor faxed another copy of the
proposed order on the motion for new trial to the trial court coordinator and the judge
signed and dated the order that same day. Apparently realizing that the order was
signed after the trial court's plenary power had ended, on August 23, 2002, counsel
for John Taylor filed a "Motion to Locate Signed Order on 'Motion for New Trial'
Or, Alternatively, Motion to Re-execute Order on Motion for New Trial as a Lost
Document."

 Opposing counsel was served with that motion by facsimile transmission,
including copies of three letters, one to the district clerk, one to the trial court
coordinator, and one to the trial court clerk, Irachete. The letter to the district clerk
requested in bold typeface that the motion be set for hearing on September 3, 2002
at 9:00 a.m., as authorized by the court coordinator. The letters to the coordinator and
Irachete both requested in bold typeface that they calendar the hearing on September
3, 2002 at 9:00 a.m., as authorized by the court coordinator and that Irachete be
prepared to testify at the hearing. The motion itself also contained a notice of hearing
for September 3, 2002 at 9:00 a.m. at the end of the motion, purporting to order the
clerk to send notice of the hearing to relator, although blanks for the trial court clerk
to sign and date the notice were not completed. Relator did not file a response to the
motion.

 On September 3, 2002, an evidentiary hearing was held by the trial court. 
Neither relator nor her counsel appeared at the hearing. Irachete testified under oath
that she did not recall speaking with counsel for John Taylor on June 28, 2002. 
Irachete did not recall the original order's ever having been signed, only that the copy
faxed to the court on August 14, 2002 had been signed, and did not recall telling
counsel for John Taylor that the original order had been signed. Irachete did not
admit that, if counsel's file reflected the telephone conversation took place, that the
file would be correct. 

 Counsel for John Taylor testified under oath that she called and spoke with
Irachete on June 28, 2002, and that Irachete told counsel that the order had been
signed on June 27, 2002. At the conclusion of the hearing, the trial court stated that
it "was satisfied that that Order, apparently, was signed on June 27th" and that
"[u]sually these Orders eventually turn up somewhere in another file . . . ." The trial
court then signed another copy of the order on the motion for new trial, filed-stamped
it September 3, 2002, added "nunc pro tunc" to the caption of the order and backdated
the signing to June 27, 2002. 

 The record also includes a signed "Order on 'Motion to Locate Signed Order
on Motion for New Trial Or, Alternatively, Motion to Re-execute Order on Motion
for New Trial as a Lost Document.'" That order recites that, on September 3, 2002,
the court considered the motion, a new trial is granted, and an order nunc pro tunc is
entered dated June 27, 2002. The order further states that, (1) the motion for new trial
was heard on June 21, 2002, (2) the motion for new trial is granted, (3) the final
decree of divorce entered on April 17, 2002 is vacated and set aside, and (4) a new
trial is granted. The order states it is "signed as if signed on the 27th day of June,
2002," but does not indicate the date it was in fact signed.

Standard of Review


 Mandamus is an extraordinary remedy that will issue only to correct a clear
abuse of discretion or the violation of a legal duty when there is no adequate remedy
at law. In re Masonite Corp., 997 S.W.2d 194, 197 (Tex. 1999). In determining
whether there has been a clear abuse of discretion justifying mandamus relief, the
reviewing court must consider whether the trial court's ruling was one compelled by
the facts and circumstances or was arbitrary, unreasonable, or reached without
reference to any guiding rules or principles. Johnson v. Fourth Court of Appeals, 700
S.W.2d 916, 918 (Tex. 1985); see Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985). 

 Relator has the burden to present the appellate court with a record sufficient to
establish a right to mandamus. See Walker v. Packer, 827 S.W.2d 833, 837-39 (Tex.
1992). With respect to factual matters committed to the trial court's discretion, the
appellate court may not substitute its judgment for that of the trial court. Id. at 837. 
However, a review of the trial court's determination of controlling legal principles is
entitled to much less deference. Id. at 840. "We must focus on the record that was
before the court and whether the decision was not only arbitrary but also amounted
'to a clear and prejudicial error of law.'" In re Bristol-Myers Squibb Co., 975 S.W.2d
601, 605 (Tex. 1998).

Analysis - The August 14 Order


 In her single issue, relator argues that the trial court's August 14 and September
3, 2002 orders granting a new trial are void because they were signed after the court's
plenary power had expired. Texas Rule of Civil Procedure 329b requires a written
order to effectively grant a new trial. Tex. R. Civ. P. 329b(c). An oral
pronouncement and docket sheet entry are not sufficient. Estate of Townes v. Wood,
934 S.W.2d 806, 807 (Tex. App.--Houston [1st Dist.] 1996, orig. proceeding).

 When a written order granting a new trial is not signed within 75 days of the
judgment, the motion for new trial is overruled by operation of law, and the trial
court's plenary power expires 30 days later. Tex. R. Civ. P. 329b(c), (e); Estate of
Townes, 934 S.W.2d at 807. Because the default judgment was signed on April 17,
2002, the trial court had 75 days, specifically, until July 1, 2002, to sign an order
granting a new trial before the motion was overruled by operation of law, and until
30 days after that, specifically, July 31, 2002, before its plenary power expired. We
conclude that the trial court's order granting a new trial, signed on August 14, 2002,
was signed after the trial court's plenary power had expired, on July 31, 2002, and is,
therefore, void. In re Dickason, 987 S.W.2d 570, 571 (Tex. 1998). We sustain the
portion of relator's complaint that the trial court did not have the power to sign an
order granting a motion for new trial on August 14, 2002 after its plenary power had
expired.

Analysis - The September 3 Order


 Relator also alleges that the order file-stamped September 3, 2002 is void
because it was signed after the trial court's plenary power had expired. On September
3, 2002, the trial court signed an order on the motion for new trial with a back-dated
signature of June 27, 2002. The order recites that the original order on the motion for
new trial was signed on June 27, 2002, but had been lost. 

A. Replacement of Lost Order

 In his response to the petition, John Taylor argues that the trial court did not
abuse its discretion by signing the September 3 order, but merely ordered the
replacement of a lost order as authorized by chapter 19 of the Civil Practice and
Remedies Code. Under chapter 19, a lost, destroyed, or removed record, including
a court order, may be supplied by parol proof of the record's contents. Tex. Civ.
Prac. & Rem. Code Ann. §§ 19.001, .002 (Vernon 1997). A person interested in
supplying a lost order of a district court may file a written application with the district
clerk of the county in which the record was lost, setting forth facts that entitle the
applicant to relief. Tex. Civ. Prac. & Rem. Code Ann. § 19.003(a)(1), (b) (Vernon
1997).

 When an application is filed, the district clerk must issue citation to any party
adversely interested to the applicant at the time of the rendition of the order. Tex.
Civ. Prac. & Rem. Code Ann. § 19.004(a)(3) (Vernon 1997). The citation must
direct the person to whom it is issued to appear at the designated term of the court to
contest the applicant's right to record a substitute, and process must be served in the
manner provided by law for civil cases. Tex. Civ. Prac. & Rem. Code Ann. §
19.004(b), (c) (Vernon 1997). When the prescribed persons were not made parties,
a judgment that establishes a lost record is void. See Cook v. Roberson, 46 S.W. 866,
868 (Tex. Civ. App.--Fort Worth 1898, no writ). On hearing an application to supply
a lost record, if the court is satisfied from the evidence of the previous existence and
content of the record and of its loss, the court shall enter an order containing its
findings and a description of the record and its contents, and such order stands in the
place of the original record. Tex. Civ. Prac. & Rem. Code Ann. §§ 19.005, .006
(Vernon 1997).

 Neither John Taylor's motion to re-execute the order as a lost document nor the
order issued by the trial court specified any legal authority on which they were based. 
In response to the petition for writ of mandamus in this Court, John Taylor relies only
on chapter 19. The Rules of Civil Procedure, however, also allow a party in a
pending suit to supply lost papers on a sworn motion after three days notice if the trial
court is satisfied, after conducting a hearing, that the supplied papers are substantial
copies of the originals. Tex. R. Civ. P. 77. Although John Taylor argues only chapter
19, we will not conclude that the trial court violated a legal duty or abused its
discretion if there is any legal basis to support the trial court's action. See Johnson,
700 S.W.2d at 917 (holding relator must establish that facts and law permit trial court
to make but one decision).

 By its express language and scope, (2) chapter 19 appears intended to apply
primarily when there is no pending matter, hence the requirement for the issuance of
citation and service of process on interested parties. Rule 77, on the other hand, by
its own language, applies to lost papers in pending matters, like the matter before us, (3)
and does not require the issuance of citation. Rule 77 does, however, require a sworn
motion. Tex. R. Civ. P. 77. In the present case, the record provided by relator does
not indicate that citation was issued and served. Likewise, the record does not show
that John Taylor's motion to re-execute a lost document was sworn. Relator did not
object in the trial court, (4) however, and has not argued in this Court that service of
citation or a sworn motion was necessary. Accordingly, she has waived those
complaints. See McGough v. Moore, 828 S.W.2d 547, 554 (Tex. App.--Houston [1st
Dist.] 1992, orig. proceeding); see also Tex. R. App. P. 38.1(h) (requirements for
argument section of brief); Walling v. Metcalfe, 863 S.W.2d 56, 58-59 (Tex. 1993)
(holding that courts of appeals may not reverse the judgment of trial court for reason
not raised in point of error); Bradt v. West, 892 S.W.2d 56, 69 (Tex. App.--Houston
[14th Dist.] 1994, writ denied) (holding that unbriefed issues are waived and will not
be considered).

 The only evidence presented to the trial court at the hearing was testimony
from Irachete that she did not recall the order being signed or speaking with counsel,
and testimony by John Taylor's counsel that she was told by Irachete that the order
granting a new trial had been signed on June 27, 2002. Whether the order had been
signed was a matter entrusted to the sound discretion of the trial court, and we hold
that the trial court did not abuse its discretion by determining that the order had been
lost and by entering an order to substitute a re-executed order granting a new trial for
that lost order.

B. Sufficient Notice of Hearing

 Relator argues in her reply brief that she did not receive adequate notice of the
September 3, 2002 hearing because she was notified only that a hearing had been
requested. Relator argues that because the clerk of the court did not certify the notice
of the hearing by signing it, the notice of the hearing was insufficient. We disagree. 
It is undisputed that relator's counsel received from John Taylor's counsel a copy of
the "Motion to Locate Signed Order on 'Motion for New Trial' Or, Alternatively,
Motion to Re-execute Order on Motion for New Trial as a Lost Document." This
motion contained a notice of hearing informing relator to appear "in person, before
this court . . . ." In addition, 10 days before the hearing, relator's counsel received
copies of the three letters confirming the hearing date and time "as authorized" by the
trial court coordinator. A copy of a letter requesting a specific date for a hearing sent
to the opposing party is sufficient notice of the setting on that date because the
litigants are thereby put on notice that a hearing may be had on the requested date. 
Mansfield State Bank v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978); West v.
Maintenance Tool & Supply Co., 89 S.W.3d 96, 102-03 (Tex. App.--Corpus Christi
2002, no pet.). In the present case, the copies of the letters sent to relator's counsel
did more than merely request a hearing date by confirming a date already authorized
by the trial court coordinator. We hold that relator received sufficient notice of the
hearing.

 Relator objects in this Court, admittedly for the first time, to hearsay testimony
and argument as testimony presented at the hearing. Relator argues that she did not
previously have an opportunity to make those objections because she did not receive
adequate notice of the hearing. Having concluded that relator's counsel did receive
sufficient notice of the hearing, her objections in this Court to testimony admitted at
the hearing are waived. See Tex. R. App. P. 33.1(a); McGuire v. McGuire, 4 S.W.3d
382, 386 (Tex. App.--Houston [1st Dist.] 1999, no pet.).

C. Evidence Outside the Record

 Relator argues that the certified copy she obtained of the unsigned order still
in the court's file as of August 9, 2002, and the district clerk's certificate of that same
date that the order had not been signed, conclusively establish that the order was not
signed before the trial court's plenary power expired on July 31, 2002. That
evidence, however, was not presented to the trial court at the September 3, 2002
hearing on John Taylor's motion to re-execute a lost order. Relator has also provided
this Court with an affidavit, signed after this original proceeding was filed, from a
deputy district clerk who avers that the June 27, 2002 order had not been signed as
of August 9, 2002.

 In an original proceeding on petition for writ of mandamus, we must focus on
the record that was before the trial court. In re Bristol-Myers Squibb Co., 975 S.W.2d
at 605. We will not consider exhibits that were not part of the trial court record at the
time of the hearing on the motion that is the subject of this original proceeding. In
re Bahn, 13 S.W.3d 865, 870 (Tex. App.--Fort Worth 2000, orig. proceeding). 
Because relator did not present the certified copy of the unsigned order, the certificate
from the district clerk, or the affidavit of the deputy district clerk to the trial court for
consideration at the September 3, 2002 hearing, we will not consider that evidence
in deciding whether the trial court abused its discretion.

D. Order Nunc Pro Tunc

 Relator argues that the order nunc pro tunc signed by the trial court on
September 3, 2002 cannot be used as a procedure to backdate the order granting new
trial to June 27, 2002. We agree that an order cannot be backdated merely by issuing
an order nunc pro tunc.

 Texas law does not provide a mechanism to supply a backdated order on
motion for new trial after the trial court's jurisdiction has elapsed. Jauregui Partners,
Ltd. v. Grubb & Ellis Commercial Real Estate Servs., 960 S.W.2d 334, 337 (Tex.
App.--Corpus Christi 1997, pet. denied). A judgment nunc pro tunc may be issued
after a trial court's plenary power expires to correct clerical errors in a judgment or
order. See Tex. R. Civ. P. 306a(6), 316. For example, a judgment nunc pro tunc may
be issued to correct the date an order was signed if the original date is shown to have
been incorrect. See Traylor Bros., Inc. v. Garcia, 949 S.W.2d 368, 369 (Tex.
App.--San Antonio 1997, no writ). An order nunc pro tunc may not be used,
however, to backdate the signing of a written order that was not in fact signed earlier. 
See Jauregui Partners, 960 S.W.2d at 337. 

 The trial court's order here recites that the original order on motion for new
trial was signed on June 27, 2002, but had been lost. Accordingly, the trial court was
not attempting to backdate an order that had not been signed through the nunc pro
tunc procedure, but was instead correcting the date the order was signed to conform
with the trial court's finding that the original was lost.

Conclusion


 Based on the record before the trial court, we hold that the trial court did not
abuse its discretion by determining that its original order granting a new trial had
been signed on June 27, 2002, while it retained plenary power, and by substituting a
re-executed order for that lost order on September 3, 2003. Accordingly, we vacate
our temporary stay and deny the petition for writ of mandamus.



 Elsa R. Alcala

 Justice



Panel consists of Justices Hedges, Jennings, and Alcala.
1. The Honorable Doug Warne, presiding judge of the 311th District Court of
Harris County, Texas. The underlying proceeding is trial court cause no. 2002-03327, styled In the Matter of the Marriage of Sharon Marie Taylor and John
Christian Taylor, and in the Interest of Andrew Christian Taylor, Amanda
Marie Taylor, and Allison Christine Taylor.
2. In addition to a lost court order or judgment, chapter 19 also authorizes
replacement of a document unrelated to any court proceeding, such as a deed,
bond, bill of sale, mortgage, deed of trust, power of attorney, or conveyance
that has previously been recorded and then lost. Tex. Civ. Prac. & Rem.
Code Ann. §§ 19.001 (Vernon 1997).
3. This must either have been a pending matter for purposes of rule 77 because
the order for new trial had, in fact, been signed on June 27, 2002 and thus the
trial court still retained plenary power, or, the order had not been signed, in
which case not only was there no matter pending, but there was no lost order
to replace under rule 77 or chapter 19.
4. Relator did not object because she did not appear at the hearing on John
Taylor's motion to re-execute the order granting new trial as a lost order, in
person or through counsel. Relator argues in this Court that she did not appear
because she did not receive notice of the hearing. However, hereinafter, we
conclude that she did receive sufficient notice of the hearing.