

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00091-CV

**IN RE** Alejandro **VELASQUEZ**

Original Mandamus Proceeding[1]

Opinion by:    Lori Massey Brissette, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
              Lori I. Valenzuela, Justice
              Lori Massey Brissette, Justice

Delivered and Filed: April 9, 2025

PETITION FOR WRIT OF MANDAMUS DENIED

Relator Alejandro Velasquez filed a petition for writ of mandamus challenging the trial court's order granting, in part, a new trial following a bench trial in a matter involving his divorce from Real Party in Interest Jessica Vedia. Because we hold the trial court's order is not void and decline to extend mandamus review to orders granting a new trial after a bench trial, we deny the petition for writ of mandamus.

## BACKGROUND

This matter involves a divorce between Velasquez and Vedia. After a two-day bench trial, the trial court issued a Final Decree of Divorce on August 9, 2024. On September 9, 2024, Vedia filed a motion for new trial asking for a new trial. The trial court held a hearing on the motion for

---

[1] This proceeding arises out of Cause No. 2023FLA001862C3, styled *Vasquez v. Vedia*, pending in the County Court at Law No 2, Webb County, Texas, the Honorable Victor Villarreal presiding.

new trial on September 26, 2024. On November 14, 2024, Vedia filed a motion for entry of judgment and request for expedited hearing. The docket sheet shows that this motion was "sent to court coordinator for further process." On November 15, 2024, Vedia filed a proposed order on her motion for new trial which reflected the agreements read into the record by the parties at the September hearing. This proposed order was again "sent to court coordinator for further process." Velasquez represents in his petition that in late December 2024, he sold the home at 201 Vintage Lane in reliance on the trial court's failure to take action on the new trial motion and his belief the trial court no longer had plenary power to rule on it. Then, on January 7, 2025, Vedia filed a second motion for entry of judgment, which again was "sent to court coordinator for further process." Finally, on January 13, 2025, the trial court filed its order granting, in part, the motion for new trial. The order itself shows it was signed October 18, 2024 and filed on January 13, 2025 with the district court clerk.

Velasquez urges on appeal that the trial court's order was entered after plenary power expired and is, therefore, void. He further argues the trial court abused its discretion by granting a new trial without adequately explaining its reasoning. Finally, Velasquez contends the trial court abused its discretion by granting a new trial on a claim that was not pleaded or tried by consent.

### ORDER NOT VOID

Mandamus is appropriate where a trial court has issued an order after the expiration of its plenary power because such orders are void. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 70 (Tex. 2008) (orig. proceeding); *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding). Where the trial court has issued a void order, a relator need not show he lacks an adequate remedy by appeal, and mandamus relief is appropriate. *Dickason*, 987 S.W.2d at 571.

Under Texas Rule of Civil Procedure 329b, a new trial motion is overruled by operation of law if it "is not determined by written order signed within seventy-five days after the judgment

was signed." TEX. R. CIV. P. 329b(c). Further, the trial court retains plenary power to grant a new trial for thirty days after the new trial motion is overruled "either by a written and signed order or by operation of law." TEX. R. CIV. P. 329b(e).

Here, the final decree of divorce was signed on August 9, 2024. The motion for new trial was timely filed September 9, 2024. And, the trial court's order granting, in part, a new trial was signed on October 18, 2024, within the trial court's plenary power. *See* TEX. R. CIV. P. 329(b).

Velasquez points to the fact that the order was not filed with the clerk until January 2025. But, Rule 329b refers to the signing of the order, not the filing of it with the clerk. *See* TEX. R. CIV. P. 329b(c) ("In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period."); *see also* TEX. R. CIV. P. 306a ("The date of judgment or order is signed as shown of record shall determine the beginning of the periods prescribed by these rules for the court's plenary power to grant a new trial . . . ."); *cf. In re M & O Homebuilders, Inc.*, 516 S.W.3d 101, 109 (Tex. App.—Houston 2017, orig. proceeding) (concluding amended order correcting judicial error void and abuse of discretion where order signed after plenary power expired); *Jauregui Partners, Ltd. v. Grubb & Ellis Com. Real Est. Servs.*, 960 S.W.2d 334, 335 (Tex. App.—Corpus Christ-Edinburg 1997, pet. denied) (concluding order signed and issued after trial court lost plenary power of no effect). Further, the trial court made it clear what occurred here in its scheduling order, issued on the same date as its new trial order—January 13, 2025—explaining: "The Court . . . having reviewed the casefile and procedural history it became apparent to the Court that the Court's October order—although ruled, signed, and ordered—was not filed." Thus, this is no more than an inadvertent delay in filing the order with the clerk and does not change the fact that the order was signed prior to the motion being overruled by operation of law. *See In re Taylor,*

113 S.W.3d 385, 393 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding) (holding trial court could sign new order after plenary power expired because original order signed within plenary power was lost).

Based on the record before us, we hold the trial court's order, signed within plenary power but filed with the clerk after plenary power had expired, is valid and not void.

### NO MANDAMUS REVIEW FOR NEW TRIAL ORDER AFTER A BENCH TRIAL

Velasquez also urges this court to grant mandamus relief because the trial court failed to set forth its reasons for granting a new trial. He further argues that mandamus relief is appropriate because the trial court improperly granted a new trial. Both arguments beg the question of whether mandamus relief is proper when a trial court grants a new trial after a bench trial, as opposed to a jury trial.

For a very long time, there was no real opportunity to review an order granting a new trial other than when the order was void or when jury answers to special issues were in conflict. *See, e.g.*, *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex. 1985). But, in 2009, the Texas Supreme Court expanded this review by granting mandamus relief and directing the trial court to set forth its reasoning for granting a new trial "in the interests of justice and fairness" after a jury trial. *In re Columbia Medical Center of Los Colinas*, 290 S.W.3d 204, 206, 215 (Tex. 2009). The *Columbia* court began its opinion by saying, "The Texas Constitution provides that the right of a trial by jury 'shall remain inviolate.'" *Id*. at 206 (quoting TEX. CONST. art. 1, § 15). It reiterated that concern when it held, "[o]n balance, the significance of the issue—protection of the right to jury trial—convinces us that the circumstances are exceptional and mandamus review is justified." *Id.* at 209 (citing *In re Prudential*, 148 S.W.3d 124, 136 (Tex. 2004)). Finally, the *Columbia* court recognized trial courts have significant discretion in granting new trials, but stated, "such discretion should

not, and does not, permit a trial judge to substitute his or her own views for that of the jury without a valid basis." *Columbia*, 290 S.W.3d at 212.

Following *Columbia*, the Texas Supreme Court set forth the standard a trial court must meet when setting aside a jury's verdict, rejecting the mere recitation in the order that the jury's finding was "against the great weight and preponderance of the evidence." *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex. 2012) (providing reasons set forth by trial court must be legally appropriate and specific enough to indicate trial court did not parrot pro forma template). Finally, in *In re Toyota Motor Sales*, the Texas Supreme Court allowed a merits-based review of the trial court's reasoning in granting a new trial after a jury verdict. 407 S.W.3d 746, 758 (Tex. 2013) (providing appellate courts must be able to conduct merits-based review of new trial orders because if trial court's articulated reasons not supported by underlying record, new trial order cannot stand).

In all of these cases, though, the court reiterates "the considerable discretion afforded trial judges in ordering new trials." *United Scaffolding*, 377 S.W.3d at 687; *Columbia*, 290 S.W.3d at 210; *see also Johnson*, 700 S.W.2d at 917. "That rule has both jurisprudential justifications (trial judges actually attend the trial and are best suited to evaluate its deficiencies), and practical justifications (most trial judges are understandably reluctant, after presiding over a full trial, to do it all over again)." *United Scaffolding*, 377 S.W.3d at 687. However, nothing in those cases give any indication that the holdings providing for review of a new trial order after a jury trial apply to a trial court's decision to set aside its own decision after a bench trial. In fact, Justice Lehrmann, in her concurrence to the majority in *Toyota*, explained:

> In affirmatively answering that question and conditionally granting mandamus relief to require such specificity, we recognized the significant departure from our longstanding mandamus jurisprudence, which had to that point "approved the practice of trial courts failing to specify reasons for setting aside jury verdicts" and "preclude[d], for the most part, appellate review of orders granting new

trials." [*Columbia*, 290 S.W.3d] at 208. Both *Columbia* and our subsequent opinion in *In re United Scaffolding, Inc.,* 377 S.W.3d 685 (Tex. 2012), focused on transparency in the context of setting aside jury verdicts, noting the importance of ensuring that trial courts do not impermissibly substitute their judgment for that of the jury. [*United Scaffolding, Inc.,* 377 S.W.3d] at 688; *Columbia,* 290 S.W.3d at 214. This concern, however, is not present with respect to new-trial orders that do not set aside a jury verdict, such as orders issued after a bench trial or setting aside a default judgment. Accordingly, in my view, the *Columbia* line of cases does not apply to such orders.

407 S.W.3d at 762-63 (Lehrmann, J. concurring) (citations omitted).

Following that reasoning, other Texas courts of appeals have refused to allow merits-based review of orders granting a new trial after a bench trial. *See, e.g., In re Foster*, No. 05–15–00179–CV, 2015 WL 682335, at *1 (Tex. App.—Dallas Feb. 18, 2015, orig. proceeding) (mem. op.) (declining to extend mandamus review to grant of new trial order after bench trial); *In re Cort*, No. 14–14–00646–CV, 2014 WL 4416074, at *2 (Tex. App.—Houston [14th Dist.] Sept. 9, 2014, orig. proceeding) (mem. op.) (declining to extend *Columbia Medical* to bench trial); *In re Old Am. County Mut. Fire Ins. Co.*, No. 13–13–00644–CV, 2014 WL 1633098, at *10 (Tex. App.—Corpus Christi-Edinburg Apr. 23, 2014, orig. proceeding) (mem. op.) (holding "the necessity to safeguard the constitutional right to a trial by jury" which constitute exceptional circumstances warranting mandamus review is not at issue in a case involving a bench trial); *see also In re Procesos Especializados en Metal, S.A. de C.V.*, 2014 WL 4347724, at *3 (Tex. App.—San Antonio Sept. 3, 2014, orig. proceeding) (mem. op.) (declining to extend mandamus review to include review of orders granting new trial after a default judgment).

In the absence of further direction from the Texas Supreme Court expanding mandamus review to orders granting new trials rendered after bench trials, we decline to conduct a merits-based review of a trial court's order granting a new trial in a bench trial. *See Foster*, 2015 WL 682335, at *1; *Cort*, 2014 WL 4416074, at *2; *Procesos Especializados en Metal, S.A. de C.V.*,

2014 WL 4347724, at *3; *Old Am. County Mut. Fire Ins. Co.*, 2014 WL 1633098, at *10; *see also*

*Toyota Motor Sales*, 407 S.W.3d at 762-63 (Lehrmann, J. concurring).

For these reasons, we deny Velasquez's petition for writ of mandamus.


Lori Massey Brissette, Justice