**William B. PRINCE, Jr., Appellant,**

v.

**Donna M. PRINCE, Appellee.**

No. 14–94–01084–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 7, 1995.

Gary L. Leonard, Houston, for appellant.

Joseph D. Harwood, Houston, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

AMIDEI, Justice.

This is an appeal from a default divorce judgment. Appellee, Donna M. Prince, was granted the default divorce judgment against appellant, William B. Prince, Jr., who filed a motion for new trial. After hearing on same, the court denied the motion. His one point of error is that the trial court abused its discretion when it denied appellant's motion for new trial. We affirm.

Appellant signed a waiver of citation pursuant to Rule 119, TEX.R.CIV.P. waiving service of process, further notice of any and all hearings, and the making of a record in the cause. The waiver was signed by appellant and verified by a notary public on July 27, 1993. The waiver was filed about a year later, on the same date the divorce was granted, July 21, 1994. Appellant received no notice of the hearing on the final divorce decree and was not present. No record was made of that hearing which was before the court only, and appellant requested no findings of facts and conclusions of law from the court pursuant to Rules 296 and 297, TEX. R.CIV.P. His motion for new trial alleged "extrinsic fraud" on the part of his wife in preventing him from having a fair opportunity of presenting his defenses at trial.

The facts alleged in his supporting affidavit to his motion for new trial are: (1) he received a copy of the original petition; (2) he signed the waiver on July 27, 1993; (3) the waiver was filed the day judgment was entered, July 21, 1994. He states that the waiver was obtained by the fraud of his wife because (1) his mailing address was filled in by someone other than him immediately prior to the entry of the divorce judgment; (2) that after he signed the waiver, he and his wife resumed living together as man and wife for the next 11 months; (3) on July 11, 1994,

she told him she was following through with the divorce; (4) upon his return from a trip, after July 11, 1994, he was advised by her that she had not changed her mind about getting a divorce; (5) and on July 23, 1994, she told him she had obtained the divorce July 21, 1994. The trial court set the hearing on appellant's motion for new trial for September 12, 1994. Mr. Prince had no attorney at the hearing and acted *pro se.* Mrs. Prince and her attorney were present at the hearing. Mrs. Prince filed no response or counter-affidavits to the motion for new trial. Mr. Prince filed a motion for continuance on the date of the hearing which was overruled by the court, however there is no signed order in the record denying continuance. At the hearing, appellant failed to put on evidence of the alleged extrinsic fraud of his wife. Although appellant did testify, none of his testimony related to his allegations of extrinsic fraud by his wife. The attorney for Mrs. Prince stated that the waiver was a standard form and that the judgment provided a 50/50 split of the community property.

■ An equitable motion for new trial after default judgment is addressed to the trial court's discretion and will be revised only on a showing of abuse of discretion. *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 393, 133 S.W.2d 124, 126 (Tex.1939).

■ When the defendant files a motion for new trial to challenge a default judgment rendered because he did not appear for a trial setting, the defendant must allege, and support with sworn proof, the following:

1. The defendant's failure to appear was not intentional, or the result of conscious indifference, but was due to a mistake or accident;

2. The defendant has a meritorious defense; and

3. The motion for new trial is filed when it will not occasion a delay or otherwise work an injury to the plaintiff; *Craddock,* 133 S.W.2d at 126. See also *Wiseman v. Levinthal,* 821 S.W.2d 439 (Tex.App.—Houston [1st Dist.] 1991, no writ).

■ In reviewing the trial court's ruling on the motion for new trial, we leave the question whether the defendant has satisfied the *Craddock* test to the trial court's discretion, and we will not disturb the court's ruling unless the court abuses its discretion. *Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex. 1987). Where the defendant meets the guidelines of *Craddock,* it is an abuse of discretion for the trial court to deny the defendant a new trial. See *Blake v. Blake,* 725 S.W.2d 797, 800 (Tex.App.—Houston [1st Dist.] 1987, no writ).

■ In his verified motion for new trial, appellant alleges that: (1) his "failure to file an answer before judgment was the result of fraud on Petitioner's part rather than due to an intentional act or the result of conscious indifference;" (2) "Respondent has a meritorious defense as to the full amount of the judgment," (he again alleges fraud on the part of petitioner); (3) "The granting of a new trial will not prejudice the other parties to this cause." His allegations substantially meet the requirements of *Craddock.*

Appellant chose to represent himself at the hearing on the motion for new trial. He testified (1) he "found a divorce petition sitting on the counter top," (2) "I signed a blank waiver in 1993," (3) "I did not know until a week *prior* (emphasis added) to July 21, 1994, almost one year later, that Mrs. Prince was going to file for a divorce." After the court read the motion and supporting affidavit, he ruled: "I'm looking at your motion. You haven't pointed out any different results or why there should be a new trial. Your Motion for New Trial is denied."

The facts in this case show that appellant knew that his wife was going to get the divorce; he acknowledged receipt of the petition and the waiver which he duly executed and verified; he delivered the waiver to his wife prior to the final divorce hearing, however the time of delivery is not shown in the record. He claims she defrauded him by the resumption of marital relations and saying nothing about the divorce for about eleven months after he had signed the waiver. Then, by his testimony in court, he stated that she told him about a week *before* the hearing that she was going to get the divorce. In his affidavit, he states he signed

the waiver "In hopes of salvaging our marriage." The facts clearly show he knew his wife had filed the divorce one year before the entry of judgment, that he had notice from her at least a week prior to the hearing that she was going to go through with it, but still he failed to file an answer, seek any kind of legal help or advice nor did he make any inquiry about the import of the "papers" he had received. In *Johnson v. Edmonds*, 712 S.W.2d 651 (Tex.App.—Ft. Worth 1986, no writ), the defendant admitted that after he received the "papers" from the constable he read and filed them. He neither sought help nor advice nor made inquiry about the import of the "papers" he had received. His motion for new trial to set aside the default judgment was denied. In short, the defendant in *Johnson* did nothing after receiving the "papers" until he received notice of default judgment. In *Johnson*, the court held:

> "The rule as expressed in *Craddock*, 133 S.W.2d at 126, requires the appellant to demonstrate that his failure to appear was not intentional *or the result of conscious indifference*." If the term conscious indifference, as used in the cases, means anything, it must mean something other than an intentional failure to appear. We interpret conscious indifference to mean a failure to take some action which would seem indicated to a person of reasonable sensibilities under the same circumstances. *Johnson*, 712 S.W.2d at 652–653.

In this case, the appellant made no inquiry, and neither sought help nor advice about the import of the "papers" he had received. We find that such acts are evidence of conscious indifference sufficient to support the finding of the trial court. See also *Butler v. Dal Tex. Machine & Tool Co.*, 627 S.W.2d 258 (Tex.App.—Ft. Worth 1982, no writ).

▉ Appellant argues in his brief that the conduct of his wife prevented him from presenting his rights and defenses and that her conduct was extrinsic fraud. We disagree. In *Rylee v. McMorrough*, 616 S.W.2d 649, 652 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ dism'd), the court stated:

> In order to vacate the judgment appellant must show extrinsic fraud, which is fraud in the means whereby the judgment was procured, and not fraud in the cause of action or matter put in issue and presented for adjudication. By that is meant fraud by the other party which has prevented the losing party either from knowing about his rights or defenses, or having a fair opportunity of presenting them upon trial. The fraud must be collateral to the matter tried, and not something which was actually or potentially in issue in the trial. Where presentation of such defense was prevented by fraud, accident, or act of the opposing party, it must be shown that there was *no* fault or negligence by the party against whom the judgment was rendered. *Crouch v. McGaw*, 134 Tex. 633, 138 S.W.2d 94 (1940), and that *diligence was used to prevent injustice of the former judgment.*

▉ *Rylee* requires a husband who wishes to complain of fraud to show that there was no fault or negligence committed by him in connection with the wife's alleged fraudulent acts. Appellant did not assert that he was in any way prevented from obtaining his own counsel; he admits to receiving the original petition which was *not* amended prior to trial, and he admits to signing the waiver of citation. He does complain that the waiver was defective in that it did not have his address in it and that the blank line providing for it was "filled out by someone other than me." The address written on the waiver is "c/o HyTexPlor Houston, 333 N. Sam Houston Pkwy, # 250, Houston, TX 77060." He does not assert that he could not be notified of any court proceedings at this address or that this address is completely false and fictitious. In fact, the addressee named (HyTexPlor) was his employer at the time of the final divorce hearing in July, 1994. In the statement of facts of the hearing on his pauper's oath for appeal, he testified that he was employed "at Hytexplor Houston, Inc.," *before and after* the divorce was final and he was "kicked out" of the house. We find that the address in the waiver was sufficient for purposes of notice to him of any and all matters concerning the lawsuit. The fact that the blank address was completed *after* the waiver was signed and verified by a notary public is not an altera-

tion of an instrument that would affect its validity, as the party to whom it was delivered was impliedly authorized to fill in the blank. *World Fire and Marine Ins. Co. v. Puckett,* 265 S.W.2d 641 (Tex.Civ.App.—San Antonio 1954, writ ref'd n.r.e.); 3 Tex.Jur.3d, *Alteration of Instruments,* § 32 (1980).

Further, his affidavit and testimony indicate he had actual knowledge in July, 1994, before the final hearing, that his wife was going through with the divorce. We fail to see under these circumstances how he can assert that he was prevented from a proper presentation of his case due to *no* fault or negligence of his own.

It is unnecessary for us to consider whether the appellant met the other requisites set forth in *Craddock* because he has failed to establish that his failure to appear was not the result of conscious indifference on his part and that the fraud of his wife prevented him from making a timely answer with no fault or negligence of his own.

We hold that the trial court did not abuse its discretion in failing to grant appellant's motion for new trial. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.