# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-0011-CV

**Steven J. Steele, Appellant**

**v.**

**Raquel J. Steele, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 207TH JUDICIAL DISTRICT
### NO. 06-D-070, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this case, we must evaluate whether the notice of appeal was timely based on the application of Texas Rule of Civil Procedure 306a(4), which governs situations in which a party has no notice of a judgment. The judgment in this divorce case was signed October 12, 2006. A motion for new trial was due November 13, 2006, but was not filed until December 11, 2006. *See* Tex. R. Civ. P. 329b(a). Without a timely motion for new trial to extend the appellate timetable, the notice of appeal was due November 13, 2006, but was not filed until January 10, 2007, past the deadline. *See* Tex. R. App. P. 26.1.

Counsel was notified by letter and given the opportunity to show cause why the appeal should not be dismissed for want of jurisdiction based on the late notice of appeal. *See id.* R. 42.3(a). Counsel responded that he received late notice of the judgment so the motion for new trial was timely based on the date of notice. *See* Tex. R. Civ. P. 306a(4). After a hearing, the trial

court found that appellant was not entitled to invoke an extended time period to file his motion for new trial because he had actual notice of the judgment on October 12, 2006. After reviewing counsel's response to our letter, the clerk's record, and the reporter's record from the hearing on the motion for new trial, we agree with the trial court's finding.

If within twenty days after the judgment or other appealable order is signed, a party or his attorney[1] does not receive notice or actual knowledge of that event, then with respect to that party, all the periods for filing motions for new trial and other such documents begins on the date that notice or actual knowledge of the signing occurred except that such time periods cannot begin more than ninety days after the original judgment or other appealable order was signed. Tex. R. Civ. P. 306a(4). To establish the application of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received notice of the judgment or acquired actual knowledge of the signing. *Id.* R. 306a(5).

An appellate court can review the sufficiency of the evidence to support the trial court's findings concerning the date that a party received actual notice of a judgment. *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 766 n.1 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Hot Shot Messenger Serv., Inc. v. State*, 798 S.W.2d 413, 414 (Tex. App.—Austin 1990, writ denied). We review findings of fact entered in a bench trial for legal and factual sufficiency of the evidence by the same standards used to review jury findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *Ludwig v. Encore Med.*, 191 S.W.3d 285, 294 (Tex. App.—Austin 2006, pet. denied).

---

[1] It is undisputed that appellant was not represented by counsel at the time of the divorce.

2

In a legal-sufficiency challenge, we view the evidence in the light most favorable to the verdict, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). When reviewing the factual sufficiency of the evidence, we examine all the evidence and set aside the finding only if it is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Hot Shot*, 798 S.W.2d at 415 (citing *In re King's Estate*, 244 S.W.2d 660 (Tex. 1951)).

The judgment at issue in this case was a divorce decree entered as a default judgment. Appellant acknowledges being served with the suit, but contends that appellee tricked him by having sexual intercourse with him on that day and telling him that she intended to dismiss the divorce. This explanation for why he did not file an answer does not bear on establishing a 306a notice date for receipt of notice of the judgment, however.[2]

Appellant also argues that it is undisputed that he did not receive a copy of the judgment until November 7, 2006. However, Rule 306a refers to receipt of notice or actual knowledge of the signing of the judgment, not receipt of its contents. According to appellant, appellee told him that the divorce was final on October 12, 2006, and that a copy of the decree would be mailed to him. Appellant says he went to the courthouse, but was not given a copy because it

---

[2] This explanation might bear on his ability to secure a bill of review based on being fraudulently prevented from appearing. However, appellee responded to the motion for new trial and testified at the hearing on the motion. She did not deny having intercourse with him on the day he was served, but stated that she never told appellant she was dismissing the divorce and subsequently told him to move out.

3

would be mailed. He waited until November 7, 2006, before returning to the courthouse and obtaining a copy of the judgment.

Appellant asserts that no one told him that an order had actually been signed on the October 12 date. He argues that a divorce can be final on a certain date without a judgment being signed. *See Dunn v. Dunn*, 439 S.W.2d 830, 832-33 (Tex. 1969) (oral rendition may be final judgment). Appellant's proposition can be correct, but if the clerk at the courthouse and appellee told him a copy would be mailed, that strongly implies the existence of a document, not just an oral pronouncement. Appellant did not explain why he waited so long to follow up on his non-receipt of a copy of that document or why he delayed hiring an attorney until after receiving a copy. On October 12, his wife informed him that the divorce was final, that she had custody of the children, and that his visitation was limited, the provisions to which appellant now objects.[3] Appellant refers to "saving up" to hire an attorney, but his initial appointment with an attorney occurred only a week after he received the copy of the judgment. Had he secured counsel within a week after his wife's October 12 announcement, he would have had time to file a motion for new trial.

An analogous situation is perhaps illuminating concerning a duty to investigate. In *Prince v. Prince*, appellant moved for a new trial, which was denied. 912 S.W.2d 367, 368 (Tex. App.—Houston [14th Dist.] 1995, no writ). In *Prince*, the husband found a divorce petition "sitting on the counter top"; signed a waiver of service of process and notice of hearings; but said that he did not know until a week prior to the date of the final judgment that his wife was going to file for a divorce. *Id*. at 369. He claims that his wife defrauded him by resuming "marital relations"

---

[3] This information comes from appellant's affidavit in support of his Rule 306a motion.

and saying nothing about the divorce for eleven months after the waiver. *Id*. The court noted that in spite of appellant's knowledge of the filing of the divorce and his wife's notification before the final hearing, appellant failed to file an answer, seek any legal help or advice, or make any inquiry about the import of the "papers" he received. *Id*. at 370. The court held that appellant's failure to appear was the result of conscious indifference and denied the motion for new trial. *Id*. at 371.

Appellant in this case did more to protect himself than the appellant in *Prince* in that he made an attempt to obtain a copy of the judgment. However, he did not follow up on that first attempt or secure legal counsel promptly to learn the import of the delay in securing a copy. For example, he says that the clerk told him that he could file a motion for new trial, but did not tell him that there were deadlines to file it. An attorney could have properly advised him.

Viewing the evidence in the light most favorable to the verdict, we conclude that appellant's knowledge that the divorce was final, that there was some decision on custody and visitation, and that some kind of document existed is legally and factually sufficient evidence to support the finding that appellant had actual knowledge of the judgment on October 12, 2006, for purposes of Rule 306a. *See City of Keller*, 168 S.W.3d at 807. The finding is not so against the great weight and preponderance of the evidence as to be manifestly unjust. *See Hot Shot*, 798 S.W.2d at 415.

We have concluded that appellant was not entitled to an extended timetable under Rule 306a. Accordingly, his notice of appeal was late. *See* Tex. R. App. P. 26.1. We dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

                              W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Henson

Dismissed for Want of Jurisdiction

Filed:   May 4, 2007