Reversed and Remanded and Opinion filed February 12, 2009








Reversed
and Remanded and Opinion filed February 12, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00572-CV

_______________

 

GERALD RANDALL JACO, Appellant

 

V.

 

ANGEL ROMAN RIVERA, Appellee

                                                                                                                                               


On Appeal from the 212th District Court

Galveston County, Texas

Trial Court Cause No. 05CV1093

                                                                                                                                               


 

O P I N I O N

Appellant,
Gerald Jaco, appeals a default judgment in favor of appellee, Angel Roman
Rivera.[1]  In his sole
issue, appellant contends the trial court erred by denying his motion for new
trial because he satisfied the Craddock elements as required to set
aside a default judgment.[2]  We reverse
and remand.

 








Background

Appellant=s full name is AGerald Jaco,@ and his son=s full name is AGerald Randall Jaco.@  Rivera originally filed suit naming
only AGerald Randall Jaco@ as defendant.  Rivera alleged he was
injured in the course and scope of his employment with the defendant=s construction company, a
non-subscriber to workers= compensation.  Appellant=s son was served with citation.  The
son filed a pro se answer, stating he did not own a construction company and
never employed Rivera.

On
November 17, 2005, the trial court held a status conference, to which appellant
accompanied his son.  At the conference, the trial court entered a docket
control order setting a pre-trial conference for October 23, 2006 and trial for
the two-week period beginning October 30, 2006.  Rivera=s attorney and appellant signed the
docket control order.

On the
date of the status conference, Rivera filed a first amended petition, naming
both AGerald Jaco@ and AGerald Randall Jaco@ as defendants.  Rivera alleged AGerald Jaco@ was Rivera=s employer and AGerald Randall Jaco@ was Rivera=s supervisor.  Subsequently, Rivera
filed a second amended petition (the live pleading), naming only AGerald Jaco@ as defendant.  Appellant was never
served with citation relative to any of these petitions.

  The
record reflects that appellant did not appear at the October 23, 2006 pretrial
conference or the October 30, 2006 trial setting.  Therefore, the trial court
rendered an interlocutory default judgment.  On November 20, 2006, the court
held a trial on Rivera=s damages, but appellant did not attend.  On March 21, 2007,
the trial court signed a final judgment.  The judgment contains a discrepancy
regarding the amount of actual damages awarded, but the trial court awarded at
least $1.9 million, plus interest and court costs.[3]








Appellant
timely filed a motion for new trial, supported by affidavits of appellant and
his son and accompanied by a brief, asserting the default judgment should be set
aside because appellant satisfied the Craddock standard.  The trial
court held a hearing on the motion.  After hearing arguments, the trial court
orally announced it would deny the motion.  The trial court did not sign a
written order; thus, the motion was subsequently overruled by operation of law.
 See Tex. R. Civ. P. 329b(c).

Analysis

We
review a trial court=s ruling on a motion for new trial for abuse of discretion. Director,
State Employees= Workers= Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994).
When moving for new trial to set aside a default judgment rendered upon failure
to appear for trial, a defendant must (1) prove his failure to appear was not
intentional or the result of conscious indifference, but was due to mistake or
accident, (2) set up a meritorious defense, and (3) show that a new trial would
not cause delay or otherwise injure the plaintiff.  Craddock v. Sunshine Bus
Lines, 134 Tex. 388, 133 S.W.2d 124, 126 (1939); see Cliff v. Huggins,
724 S.W.2d 778, 779 (Tex. 1987).  If a defendant meets all three Craddock
elements, the trial court abuses its discretion by failing to order a new
trial.  Evans, 889 S.W.2d at 268.








 In his
sole stated issue, appellant contends the trial court abused it discretion by
denying his motion for new trial because he met all three Craddock
elements.  However, in the body of his argument, appellant presents alternative
contentions.  First, appellant argues the judgment should be reversed for the
sole reason that he was never served with citation and did not waive service or
voluntarily appear.  See Kao Holdings, L.P. v. Young, 261 S.W.3d 60, 61
(Tex. 2008) (recognizing Texas procedural rules and due process dictate
judgment may not be rendered unless defendant was served, waived service, or
made general appearance); Fid. & Guar. Ins. Co. v. Drewery Constr. Co.,
Inc., 186 S.W.3d 571, 574 (Tex. 2006) (per curiam) (recognizing default
judgment must generally be set aside without further showing if defendant never
received service of process).  Next, appellant argues the judgment should be
reversed solely because the court did not send him notices of the October 30,
2006 trial setting, at which the interlocutory default judgment was announced,
or the November 20, 2006 trial on damages.  See Mathis v. Lockwood,  166
S.W.3d 743, 744 (Tex. 2005) (per curiam) (dispensing with second Craddock
element, and noting several courts of appeals have dispensed with third
element, if defendant did not receive notice of trial setting).  Finally,
appellant contends he did satisfy the Craddock elements.

In his
affidavit, appellant averred he was never served with citation, and nothing in
the record controverts this assertion.[4]  Moreover,
the record reflects the court did not send appellant any notices specifically
informing him of the trial settings, although he signed the docket control
order, which contained dates for the pre-trial conference and two-week trial
period.[5]  In the
judgment, the trial court recited that appellant made a general appearance when
he attended the status conference and signed the docket control order.  At the
motion-for-new-trial hearing, the court stated it would deny the motion for
this reason.








However,
in his affidavit, appellant provided the following explanation: he attended the
status conference to assist his son; at the request of Rivera=s attorney, appellant signed the
docket control order, which was completed by Rivera=s attorney and the court coordinator;
appellant did not know his signature constituted a voluntary appearance as a
party to the suit; instead, appellant believed he would be served with citation
before any trial was held; appellant was never subpoenaed to appear at trial by
his son or Rivera=s attorney; and because appellant was never served with
citation or subpoenaed, he was unaware his appearance was required at trial and
did not note the pertinent dates on his calendar.[6] 
Rivera presented no evidence controverting appellant=s affidavit.

We need
not decide whether appellant made a general appearance by attending the status
conference and signing the docket control order or whether the order
constituted sufficient notice of the trial setting.  Even if we assume he
generally appeared and received notice of the trial setting, he satisfied all
elements of the Craddock standard.

No
Intentional or Consciously-Indifferent Failure to Appear








As noted
above, Rivera did not controvert appellant=s affidavit.  When the factual
assertions in the defendant=s affidavit are not controverted, the defendant satisfies his
burden if he sets forth facts that, if true, negate intentional or consciously
indifferent conduct.  Evans, 889 S.W.2d at 269.  We apply this first
prong liberally, considering each case on an ad hoc basis. Ashworth v.
Brzoska, - - S.W.3d - - , No. 14-07-00239-CV, 2008 WL 4787113, at *5 (Tex.
App.CHouston [14th Dist.] Nov. 4, 2008, no
pet.) (citing  Gotcher v. Barnett, 757 S.W.2d 398, 401 (Tex. App.CHouston [14th Dist.] 1988, no
writ)).  AConscious indifference@ means the failure to take some action that would appear
obvious to a reasonable person under similar circumstances. Id. (citing Prince
v. Prince, 912 S.W.2d 367, 370 (Tex. App.CHouston [14th Dist.] 1995, no
writ)).  The controlling fact is whether there was a purposeful or bad-faith
failure to appear.  Id. (citing Gotcher, 757 S.W.2d at 401). 
Therefore, appellant must provide A>some excuse, but not necessarily a
good excuse=@ for failing to appear. Id. (quoting Craddock,
133 S.W.2d at 125); see Gotcher, 757 S.W.2d at 401 (approving of Aeven a slight excuse@).  Thus, even a negligent failure to
appear will not preclude setting aside a default judgment. Ashworth,
2008 WL 4787113, at *5 (citing Custom-Crete, Inc. v. K-Bar Servs., Inc.,
82 S.W.3d 655, 660 (Tex. App.CSan Antonio 2002, no pet.); State v. Sledge, 982
S.W.2d 911, 916 (Tex. App.CHouston [14th Dist.] 1998, pet. denied); Gotcher, 757
S.W.2d at 402).

In this
case, whether appellant=s signature on the docket control order actually constituted
a general appearance in the suit is a separate issue from appellant=s understanding regarding the effect
of this action.  When deciding whether appellant=s failure to appear at trial resulted
from intentional disregard or conscious indifference, we consider his
knowledge and acts, as shown by all evidence in the record.  See Evans,
889 S.W.2d at 269; Ashworth, 2008 WL 4787113, at *5.  Appellant=s uncontroverted affidavit
established that he failed to appear at trial because, even if mistaken, he believed
he was not a party unless he was served with citation.

 Additionally,
other evidence in the record supports a conclusion that appellant=s belief was reasonable:

!                  
his son was actually served with
citation when he was named, albeit mistakenly, as a defendant;

!                  
when appellant was named as a
defendant in the first amended petition, Rivera cited the address where
appellant could be served with process, which, as we have discussed, never
occurred;

!                  
even after appellant signed the
docket control order and was named in the first amended petition, the court
sent separate notices regarding entry of the docket control order and the date
of the pre-trial conference, to AJaco,
Gerald Randall,@ but not to appellant; although this action may have
been an oversight on the clerk=s part, it
could have indicated to appellant, who resided at the same address as his son,
that appellant was yet not a party;[7]








!                  
appellant was not represented by
an attorney; see Wheeler v. Green, 157 S.W.3d 439, 444 (Tex. 2005) (per
curiam) (recognizing that, although pro se litigant is generally held to same
standards as party represented by attorney, a court may consider pro se status
when deciding whether party=s conduct was
result of conscious indifference because this determination turns on his state
of mind); see also Ashworth, 2008 WL 4787113, at *6 (citing Wheeler
when evaluating pro se defendant=s
misunderstanding of law as explanation for failure to appear at trial); 

!                  
the first entry on the docket
control order was the deadline by which new parties Ashall be joined and served@ (emphasis added), which could have led appellant to
believe service was mandated before he was bound by other dates in the order,
including the trial setting; and

!                  
appellant averred
he thought mediation would occur before trial because the docket control order
required mediation by a certain date, but neither the designated mediator nor
Rivera=s counsel ever contacted appellant to
schedule it; thus, appellant obviously relied on an understanding that certain
matters outlined in the docket control order would be completed before trial
was held.

We
conclude appellant=s affidavit and the above-cited evidence established that his
failure to appear at trial was not intentional or the result of conscious
indifference, but was due to mistake or accident.

Meritorious
Defense            

Relative
to the second Craddock element, a defendant sets up a meritorious
defense if he alleges facts in his motion and supporting affidavits that in law
constitute a meritorious defense, regardless of whether those facts are
controverted.  See Evans, 889 S.W.2d at 270.  In his motion for new
trial and affidavit, appellant raised several defenses: (1) suit was barred by
the statute of limitations; (2) Rivera willfully caused his own injury; (3)
Rivera=s actions were the sole proximate
cause of his injury; (4) the damages award was excessive; and (5) appellant was
entitled to a credit for amounts he voluntarily paid to Rivera.  Appellant
satisfied the second prong of Craddock if any of these defenses
qualified as meritorious.  See Gotcher, 757 S.W.2d at 403; Moving Co.
v. Whitten, 717 S.W.2d 117, 120 (Tex. App.CHouston [14th Dist.] 1986, writ ref=d n.r.e.), overruled on other
grounds by Hines v. Hash, 843 S.W.2d 464 (Tex. 1992)).








We
conclude appellant set up a meritorious defense at least with respect to his
claim that he was entitled to a credit.  In his affidavit, appellant averred
that, as a result of Rivera=s accident, appellant made weekly payments to Rivera for ten
months and also paid for prescription drugs and physical therapy.  A
meritorious defense is one that, if proved, would cause a different result upon
a retrial of the case, although not necessarily a totally opposite result.  Gotcher,
757 S.W.2d at 403; Whitten, 717 S.W.2d at 120.  In this case, a defense
that might produce the different result of a lesser amount of damages is a
meritorious defense under Craddock; the opposite result of total
non-liability need not be proved.  See Whitten, 717 S.W.2d at
120;  Folsom Invs., Inc. v. Troutz, 632 S.W.2d 872, 875 (Tex. App.CFort Worth 1982, writ ref=d n.r.e.); see also Gardner
v. Jones, 570 S.W.2d 198, 201 (Tex. Civ. App.CHouston [1st Dist.] 1978, no writ)
(reversing default judgment where defendant raised meritorious defense to
punitive damages which may have been included in judgment).  Accordingly, by
asserting his credit defense, appellant met the second Craddock
element.  See Evans, 889 S.W.2d at 270 (noting defendant asserted
meritorious defense under Craddock by claiming a credit or offset).

            No
Delay or Injury to Rivera








Finally,
in his motion for new trial, appellant asserted that a new trial will not delay
or injure Rivera.  Appellant also offered to reimburse Rivera for reasonable
costs incurred in obtaining the default judgment and stated he will be ready to
try the case when properly set. If a defendant alleges that granting a new
trial will not injure the plaintiff, the burden shifts to the plaintiff to
present proof of injury.  Evans, 889 S.W.2d at 270.  Rivera presented no
evidence that he would be injured by the granting of a new trial. Moreover, the
defendant=s willingness to proceed to trial immediately and willingness to pay the
expenses involved in the default judgment, although not dispositive, are
important factors for the court to consider when  determining whether it should
grant a new trial.  See id. at 270 n.3; Cliff, 724 S.W.2d
at 779; Angelo v. Champion Restaurant Equip. Co., 713 S.W.2d 96, 98
(Tex. 1986).  Consequently, we conclude appellant met the third Craddock
element.

Conclusion

In sum, the trial court abused its
discretion by denying appellant=s motion for
new trial and refusing to set aside the judgment.  Therefore, we sustain
appellant=s sole issue.  We reverse the trial court=s judgment in its entirety and remand for further
proceedings consistent with this opinion.

 

 

 

/s/        Charles W. Seymore

Justice

 

 

 

Panel consists of
Justices Yates, Seymore, and Boyce.









[1]  Appellee Rivera has not filed a brief on appeal.





[2]  See Craddock v. Sunshine Bus Lines, 134 Tex.
388, 133 S.W.2d 124, 126 (1939).





[3]  The trial court itemized separate amounts for
various elements of damages which totaled $1,913,000.  However, immediately
after itemizing these elements, the trial court recited that judgment was
rendered for $1,950,000 in actual damages. Nevertheless, because we conclude
the default judgment should be set aside, we need not consider the import of
this discrepancy regarding the amount of damages.





[4]  The docket sheet reflects a defendant was served
with a petition at the November 17, 2005 status conference.  However, this
entry does not reflect which defendant was served, and both appellant and his
son were named as defendants in the first amended petition filed that day.  The
second amended petition contains a certificate of service attesting it was sent
to appellant (the only defendant at that point) via mail, hand-delivery, or
fax.  However, appellant averred he was not served with citation relative to
this petition.





[5]  In fact, the docket sheet shows that, on October 30,
2006, a hearing on damages was set for November 16, 2006.  However, the hearing
occurred on November 20, 2006, and the trial court recited in the judgment that
the November 20, 2006 hearing was scheduled at the October 30, 2006 trial. 
Regardless of this discrepancy, Jaco was not affirmatively sent notice of any
of these trial settings.





[6]  In the son=s
affidavit, he echoed some of appellant=s
assertions, but we conclude appellant=s
averments were sufficient to establish the Craddock elements. 





[7]  Further, although we consider appellant=s knowledge and conduct before his failure to
appear at trial, we note that, after trial, the court still sent notices,
including one regarding entry of the judgment, only to AJaco, Gerald Randall,@ and not to appellant.