

**NUMBER 13-11-00699-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RAFAEL HUMBERTO FLORES JR.,                                    Appellant,

v.

KELLY MELANIE TERRY,                                              Appellee.

**On appeal from the 92nd District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Justice Garza**

This is an appeal from an order granting appellee, Kelly Melanie Terry a/k/a Melanie Kelly Terry, a new trial following a default divorce judgment in favor of appellant, Rafael Humberto Flores Jr.  By a single issue, Flores contends the trial court

abused its discretion in granting the new trial.[1]  We affirm.

## I. BACKGROUND

Flores filed for divorce on May 9, 2011.  It is undisputed that Terry was properly served with citation and a copy of the petition and did not file an answer.  The divorce petition sought appointment of Flores and Terry as joint managing conservators of R.I.F., the couple's then four-year-old daughter.  On July 28, 2011, Flores appeared at the final hearing for divorce; Terry did not.  That same day, the trial court granted the default judgment, which among other things, appointed Flores and Terry as joint managing conservators of R.I.F., and granted Flores primary possessory rights over R.I.F. and the exclusive right to designate her primary residence without regard to location.  The decree also ordered Terry to pay child support to Flores and to provide health insurance for R.I.F.

On August 26, 2011, Terry filed a motion for new trial, in which she asserted that her failure to file an answer was not intentional, but was a "mistake" based on Flores's representation that she did not need to file an answer.  Terry's motion stated that she did not have notice of the July 28, 2011 hearing.  She only learned after the default judgment was granted that Flores was seeking to be the custodial parent with the exclusive right to designate R.I.F.'s primary residence and was seeking child support.  The motion asserted that Terry has a meritorious defense because she has always been the primary care-giver for R.I.F. and it is in R.I.F.'s best interest to continue that arrangement.  She further asserted that granting her a new trial would not injure Flores and would be in R.I.F.'s best interest.

Terry attached her own affidavit to her motion, in which she stated that she

---

[1] Appellee has not filed a brief to assist us in our disposition of this appeal.

believed she did not need to file an answer because: (1) she has always been R.I.F.'s primary care-giver and has taken care of R.I.F. exclusively since April 2011; (2) she told Flores that she planned to move with R.I.F. to Floresville, Texas, and he did not object; (3) when Flores filed for divorce, she was led to believe she did not need to hire an attorney or file an answer because she believed they could agree to the terms for divorce; and (4) if she had known Flores intended to ask the court to appoint him as R.I.F.'s custodial parent and seek court-ordered child support from her, she would have hired an attorney and filed an answer.

At the July 28, 2011 hearing, Flores appeared with counsel and Terry appeared pro se. Terry told the trial court that she did not know about the July 28 hearing and only learned of the judgment two weeks after it was granted. Until she received notice of the judgment, she and Flores were still maintaining marital relations and she believed that they were still attempting to reconcile. She told the court that as recently as two weeks earlier, Flores had stayed with her at her parents' house and she believed that they were still trying to come to some agreement. Terry stated that, until she received notice of the divorce judgment, she believed that she and Flores "were going to work it out." Terry testified that R.I.F. stayed with her in May and throughout the summer while Flores was settling into a new job in Carrizo Springs, Texas; Flores occasionally picked R.I.F. up for visits. Terry stated that she was living in Floresville with her parents.

On cross-examination, Terry testified that she did not see a reason to file an answer because: (1) the proposed divorce decree granted her joint custody of R.I.F.; and (2) she believed that she and Flores would reconcile. She stated that she was "[led] into complacency" and only now realized that Flores never intended to reconcile.

Terry stated that a lawyer assisted her in preparing the motion for new trial. Before February of 2010, Terry, Flores, and R.I.F. lived in McAllen. In February 2010, Terry lived at South Padre Island and in Bayview. From Februrary 2010 through April 2011, R.I.F. spent the majority of her time with Flores in McAllen.

Flores's counsel argued that Terry's failure to consult with an attorney is evidence of conscious indifference. He also argued that Terry failed to establish a meritorious defense because her affidavit contains only conclusory statements. On October 17, 2011, the trial court signed the order granting a new trial without stating any grounds.[2]

## II. STANDARD OF REVIEW AND APPLICABLE LAW

The appropriate standard of review of a trial court's decision to grant or deny a motion for new trial is abuse of discretion. *Novosad v. Cunningham*, 38 S.W.3d 767, 770 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Absent a showing of an abuse of discretion, we will not disturb a trial judge's ruling. *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994). An abuse of discretion occurs when the trial judge fails to correctly analyze or apply the law. *Comanche Nation v. Fox*, 128 S.W.3d 745, 749 (Tex. App.—Austin 2004, no pet.).

> A default judgment should be set aside and a new trial granted if (1) the failure to answer was not intentional or the result of conscious indifference but was due to a mistake or accident; (2) the defendant sets up a meritorious defense; and (3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the plaintiff.

---

[2] We note that at the motion for new trial hearing, Flores's counsel informed the court that the 75th day from the day of the judgment was October 11, 2011. A motion for new trial will be overruled by operation of law if it is not ruled upon within seventy-five days after the judgment is signed. *Taack v. McFall*, 661 S.W.2d 923, 923–24 (Tex. 1983) (per curiam) (citing TEX. R. CIV. P. 329b(c)); *see also Jauregui Partners v. Grubb & Ellis Commercial Real Estate Servs.*, 960 S.W.2d 334, 335 (Tex. App.—Corpus Christi 1997, pet. denied). However, the trial court then retains plenary jurisdiction for an additional thirty days after the motion is overruled. *Jauregui*, 960 S.W.2d at 335 (citing TEX. R. CIV. P. 329b(e)). Thus, the trial court had jurisdiction when it signed the order.

4

*In re R.R.*, 209 S.W.3d 112, 114–15 (Tex. 2006) (per curiam) (citing *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)). The defendant's burden as to the first *Craddock* element has been satisfied when the factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff. *Id.* at 115 (citing *Fidelity & Guar. Ins. Co. v. Drewery Const. Co., Inc.*, 186 S.W.3d 571, 576 (Tex. 2006)). In determining if the defendant's factual assertions are controverted, the court looks to all the evidence in the record. *Id.* (citing *Evans*, 889 S.W.2d at 269). "In acting as fact-finder, the trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Martinez v. Martinez*, 157 S.W.3d 467, 470 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

Conscious indifference requires more than a showing of negligence. *See Levine v. Shackelford, Melton & McKinley, L.L.P.*, 248 S.W.3d 166, 168 (Tex. 2008) (per curiam). A defendant must offer some excuse for the failure to appear at trial, which need not necessarily be a good excuse. *See Hampton-Vaughan Funeral Home v. Briscoe*, 327 S.W.3d 743, 748 (Tex. App.—Fort Worth 2010, no pet.); *Sharpe v. Kilcoyne*, 962 S.W.2d 697, 701 (Tex. App.—Fort Worth 1998, no pet.) ("Even a slight excuse may justify a new trial."). In other words, a "failure to appear is not intentional or due to conscious indifference . . . merely because it is deliberate; it must also be without adequate justification. Proof of such justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995). In deciding whether a defendant has acted with conscious

5

indifference, courts are to make some allowances for a pro se litigant's misunderstanding of the law. *Jaco v. Rivera*, 278 S.W.3d 867, 872 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam) (recognizing that court may consider pro se status when deciding whether party's conduct was result of conscious indifference because this determination turns on his state of mind)); *see also Ashworth v. Brzoska*, 274 S.W.3d 324, 333 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (same).

Several courts have expressed reluctance to apply the *Craddock* test in suits affecting the parent-child relationship ("SAPCR"), given the overriding consideration of the best interest of the child. *Rhamey v. Fielder*, 203 S.W.3d 24, 29 (Tex. App.—San Antonio 2006, no pet.) (citing *Martinez*, 157 S.W.3d at 469–70; *Fox*, 128 S.W.3d at 752; *Lowe v. Lowe*, 971 S.W.2d 720, 725–26 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); *Sexton v. Sexton*, 737 S.W.2d 131, 133 (Tex. App.—San Antonio 1987, no writ)); *see also In re A.P.P.,* 74 S.W.3d 570, 575 (Tex. App.—Corpus Christi 2002, no pet.) (finding second prong of *Craddock* test difficult to apply in SAPCR where primary issue before court is child's best interest); *Dorrough v. Cantwell*, No. 02-05-208-CV, 2006 Tex. App. LEXIS 6356, at *16–18 (Tex. App.—Fort Worth July 20, 2006, pet. denied) (per curiam) (mem. op.) (noting reluctance of other courts in applying *Craddock* test in SAPCRs given overriding consideration of best interest of child). "Courts exercise liberality in favor of a defaulting party having a day in court, and this is particularly true in cases affecting the parent-child relationship." *Rhamey*, 203 S.W.3d at 28–29. "The best interest of the child requires that the issues be as fully developed as possible." *Id.* at 29.

The second prong of the *Craddock* test requires the defendant to "set up" a meritorious defense. *Craddock*, 133 S.W.2d at 126. A meritorious defense has been set up if the facts alleged in the movant's motion and supporting affidavits set forth facts which in law constitute a meritorious defense, regardless of whether those facts are controverted. *In re R.R.*, 209 S.W.3d at 116.

"The purpose of the third prong of *Craddock* is to protect the plaintiff against the sort of undue delay or injury, such as the loss of witnesses or other valuable evidence, that would disadvantage the plaintiff in presenting the merits of the case at the new trial." *Rhamey*, 203 S.W.3d at 32 (quoting *Lowe*, 971 S.W.2d at 725). "[O]nce a defendant has alleged that the granting of a new trial will not delay or otherwise injure the plaintiff, the burden of going forward with proof of injury shifts to the plaintiff for these are matters peculiarly within the plaintiff's knowledge." *Id.* (citing *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987)).

## III. DISCUSSION

### A. Mistake or Accident

Terry's motion for new trial asserts that her failure to file an answer "was not intentional, but was occasioned by a mistake." She states that, based on information provided by Flores, she believed the divorce was a formality, that it would not change their pattern of shared custody over R.I.F., and that there was no need for her to file an answer. The motion states that Flores misled her into believing that she would continue to be the custodial parent, and that if she had known that Flores would seek appointment as R.I.F.'s custodial parent with the right to determine R.I.F.'s place of residency, she would have filed an answer. The motion also asserts that Terry has

7

assumed the primary responsibility of caring for R.I.F., and that it is in R.I.F.'s best interest to continue that arrangement. Her affidavit states that she was led to believe that there was no reason for her to file an answer "since we could agree to all of the terms." At the hearing on Terry's motion for new trial, Terry told the trial court that she wanted a new trial because she would ask for discovery regarding the community property assets and would ask for primary custody of R.I.F.

Flores complains that, although Terry asserts that he misled her regarding the divorce, she has not presented any evidence of such conduct. He also contends that Terry's assertions that she was misled are "conclusory." Flores cites *Prince v. Prince*, 912 S.W.2d 367, 370 (Tex. App.—Houston [14th Dist.] 1995, no writ), in support of his argument that "[c]onscious indifference is the failure to make inquiries or to seek help or advice about the importance of papers one receives regarding divorce proceedings." In *Prince*, after the wife filed for divorce and the appellant waived service, the parties reconciled and lived together for the next eleven months. *Id.* at 368–69. Approximately a week before the divorce hearing, the wife told the appellant that she had not changed her mind and was following through on the divorce. *Id.* In holding that the trial court did not abuse its discretion in denying appellant's motion for new trial, the *Prince* court noted that appellant had received the original petition for divorce, which was not amended prior to trial, and had actual knowledge before the final hearing that his wife was going through with the divorce. *Id.* at 370–71. Here, Terry's complaint is not primarily that she was surprised that the divorce was granted, although she believed that they were still trying to "work it out." Her primary complaint is that Flores misled her into believing that there was no need for her to file an answer and misled her into

8

believing that the divorce would not alter their practice of sharing custody of R.I.F.  The original divorce petition, which is in the record before us, states only that Flores and Terry should be appointed joint managing conservators of R.I.F.  The original petition does not mention that Flores is requesting "primary possessory rights" over R.I.F. and the exclusive right to determine her primary residence without regard to location; it also does not mention that he is requesting Terry to pay child support and pay for R.I.F.'s health insurance.  We are unpersuaded that *Prince* supports Flores's position.

Flores did not testify at the motion for new trial hearing.  He did not submit an affidavit or any other evidence controverting Terry's factual assertion that Flores misled her into believing she did not need to file an answer.  *See In re A.P.P.*, 74 S.W.3d at 574 (finding appellee did not controvert appellant's factual allegations regarding her failure to answer and that appellee's questioning of what appellant failed to do, such as not calling her attorney, was not relevant because it did not controvert appellant's assertions regarding her failure to answer) (citing *Evans*, 889 S.W.2d at 269 (holding non-movant did not specifically controvert the statement of movant's belief)).  We conclude that Terry's assertions negating an intentional failure to answer or conscious indifference were not controverted.  Therefore, she has satisfied the first prong of *Craddock.  See id.*

### B.  Meritorious Defense

This second prong is difficult to apply in a suit affecting the parent-child relationship where the primary issue before the court is the best interest of the child.  *Id.* at 575 (citing *Lowe*, 971 S.W.2d at 724–27).  "To satisfy the second prong of the *Craddock* test, the defaulting party must set up a meritorious defense by alleging facts,

supported by an affidavit or other evidence, which in law would constitute a defense to the cause of action pled by the plaintiff." *Id.* at 574–75. Here, Terry alleged in her motion that she has always been R.I.F.'s custodial parent and that it is not in R.I.F.'s best interest to change that arrangement. She also alleged that arrangements have been made to enroll R.I.F. in a private school in Floresville, and that doing so would be in R.I.F.'s best interest. We conclude that Terry has set up a meritorious defense. *See Rhamey*, 203 S.W.3d at 31 (finding movant's affidavit coupled with ongoing alternating possession until date of trial set up meritorious defense to standard possession order which modified the status quo and raised concerns regarding best interest of the child); *In re A.P.P.*, 74 S.W.3d at 575 (finding movant's allegations that she has been sole managing conservator of child, has had possession of her since birth, and has made arrangements for her to attend private school were some evidence to set up meritorious defense); *Lowe*, 971 S.W.2d at 724–25 (finding that appellant set up meritorious defense by presenting some evidence that would have entitled her to joint managing conservatorship, if not sole managing conservatorship, of children).

## C. Delay or Injury

To satisfy the third prong of the *Craddock* test, an appellant must establish that the granting of her motion for new trial would not occasion a delay or otherwise work an injury to appellee. *In re A.P.P.*, 74 S.W.3d at 575. Here, Terry asserted in her motion that the granting of a new trial would not injure Flores and would be in R.I.F.'s best interest. Because Terry alleged that the granting of a new trial would not injure Flores, the burden shifted to Flores to show evidence of injury or delay. *See id.* at 575–76. Flores, however, has failed to offer any evidence of injury or delay. *See id.* Because

10

Flores has failed to rebut appellant's showing of no injury, Terry has satisfied the third prong of the *Craddock* test. *See id.*

## IV. CONCLUSION

Because Terry has satisfied all three elements of the *Craddock* test, we find that the trial court did not abuse its discretion in granting her motion for new trial. Accordingly, we overrule Flores's sole issue, affirm the trial court's judgment, and remand this case to the trial court for trial on the merits.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
27th day of August, 2012.